# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| **In re:** | |
| **Jacob G. Bogatin** | Case No. 23-11157-BFK |
| Debtor. | Chapter 7 |
| **Gerard R. Vetter,** **Acting United States Trustee for Region 4,** | |
| Plaintiff, | |
| v. | Adversary Proc. No. 23-01063-BFK |
| **Jacob G. Bogatin,** | |
| Defendant. | |

## ANSWER

Jacob G. Bogatin ("Defendant"), by counsel, answers the complaint filed Gerard R. Vetter, Acting United States Trustee for Region 4 ("Plaintiff") as follows:

1. Defendant admits the allegations in paragraph 1 of the Complaint.

2. Defendant admits the allegations in paragraph 2 of the Complaint.

3. Defendant admits the allegations in paragraph 3 of the Complaint.

4. Paragraph 4 contains conclusions of law to which no response is required. Defendant admits, however, that this Court has jurisdiction over the subject matter of this Complaint.

5. Paragraph 5 contains conclusions of law to which no response is required.

Jeffery T. Martin, Jr., VSB #71860
Martin Law Group, P.C.
8065 Leesburg Pike, Suite 750
Vienna, VA 22182
703-223-1822
jeff@martinlawgroupva.com
Counsel to the Debtor

6. Defendant denies the allegations in paragraph 6 of the Complaint in part and denies in part. Paragraph 6 contains conclusions of law to which no response is required. Defendant admits, however, that the deadline was extended.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. Defendant admits the allegations in paragraph 8 of the Complaint.

9. Defendant admits the allegations in paragraph 9 of the Complaint.

10. Defendant admits the allegation in paragraph 10 in part and denies in part as stated and demands strict proof thereof. Defendant acknowledges that he has two PhD's in physics, a master's degree, and a financial certificate, but Defendant denies the allegation that this makes him well educated and financially sophisticated in this context.

11. Defendant admits the allegations in paragraph 11 of the Complaint; specifically stating that he currently lives with Valeria V. Gunkova.

12. Defendant admits the allegations in paragraph 12 of the Complaint.

13. Defendant admits the allegations in paragraph 13 of the Complaint.

14. Defendant admits the allegations in paragraph 14 of the Complaint.

15. Defendant admits the allegations in paragraph 15 of the Complaint.

16. Defendant admits the allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint in part and admits in part. However, the Schedules have since been amended to include his engagement ring.

18. Defendant admits the allegations in paragraph 18.

19. Defendant admits the allegations in paragraph 19 of the Complaint.

20. Defendant admits the allegations in paragraph 20 of the Complaint.

21. Defendant admits the allegations in paragraph 21 of the Complaint.

22. Defendant admits the allegations in paragraph 22 of the Complaint.

23. Defendant admits the allegations in paragraph 23 of the Complaint. The Schedules have since been amended to reflect that Defendant's gross monthly income is $2,310 from Social Security.

24. Defendant admits the allegations in paragraph 24 of the Complaint. The Schedules have since been amended to show that Defendant receives a gross salary of $3,750.

25. Defendant admits the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint in part and admits in part. However, the Schedules have since been amended to show that Defendant's gross monthly expenses are $4,707.05.

27. Defendant admits the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint in part and admits in part. However, the Schedules have since been amended and accurately reflect that Defendant did not have any income from any formal employment or from operating a business within the last two years.

29. Defendant denies the allegations in paragraph 9 of the Complaint in part and admits in part. However, the Schedules have since been amended to include Defendant's Social Security benefits, personal expenses paid by Valeria Gunkova, and Personal Expenses paid by Skin Logic.

30. Defendant admits the allegations in paragraph 30 of the Complaint.

31. Defendant admits the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint in part and admits in part. Defendant admits that he originally checked "no" in the sections cited, but at that

time, Legacy Aviation had not been in operation, and there were uncertainties regarding its status, including the possibility of dissolution. Defendant believed that since the company has not been in operation since 2019, it did not need to be included in the schedules. The schedules have since been amended to include Legacy Aviation and GBA Management LLC.

33. Defendant admits the allegations in paragraph 33 of the Complaint. The schedules have since been amended to reflect that Defendant has been a member of a limited liability company.

34. Defendant admits the allegations in paragraph 34 of the Complaint.

35. Defendant admits the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint. The Schedules have since been amended to show that Defendant receives a gross salary of $3,750 and a gross monthly income is $2,310 from Social Security for a combined monthly income of $6060.

37. Defendant admits denies the allegations in paragraph 37 of the Complaint. The Schedules have since been amended to show that Defendant's gross monthly expenses are $4,707.05.

38. Defendant admits the allegations in paragraph 38 of the Complaint.

39. Defendant admits the allegations in paragraph 39 of the Complaint.

40. Defendant admits the allegations in paragraph 40 of the Complaint.

41. Defendant admits the allegations in paragraph 41 of the Complaint.

42. Defendant admits the allegations in paragraph 42 of the Complaint.

43. Defendant admits the allegations in paragraph 43 of the Complaint.

44. Defendant admits the allegations in paragraph 44 of the Complaint.

45. Defendant admits the allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint in part and admits in part. The Schedules have since been amended to show that Defendant is in possession of the engagement band.

47. Defendant denies the allegations in paragraph 47 of the Complaint and admits in part. Defendant's testimony speaks for itself, but the Schedules have since been amended to show that Defendant is in possession of an engagement band.

48. Defendant admits the allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant denies the allegations in paragraph 50 of the Complaint in part and admits in part. Defendant's testimony speaks for itself, and he testified to the best of his knowledge, information and belief at the time, but the Schedules have since been amended to include the Joint TD Bank Account to correct said testimony.

51. Defendant admits the allegations in paragraph 51 of the Complaint. Defendant's testimony speaks for itself, and he testified to the best of his knowledge, information and belief at the time, but the Schedules have since been amended to include the Joint TD Bank Account to correct said testimony.

52. Defendant admits the allegations in paragraph 52 of the Complaint. Defendant's testimony speaks for itself, and he testified to the best of his knowledge, information and belief at the time, but the Schedules have since been amended to include the Joint TD Bank Account to correct said testimony.

53. Defendant denies the allegations in paragraph 53 of the Complaint. Defendant's testimony speaks for itself, and he testified to the best of his knowledge, information and belief

at the time, but the Schedules have since been amended to include the Joint TD Bank Account to correct said testimony.

54. Defendant denies the allegations in paragraph 54 of the Complaint in part and admits in part. Defendant admits that he made transfers via Zelle, but he denies the remainder of the allegations.

55. Defendant denies the allegations in paragraph 55 of the Complaint in part and admits in part. Defendant's testimony speaks for itself, and he testified to the best of his knowledge, information and belief at the time, but the Schedules have since been amended to include the Joint TD Bank Account to correct said testimony.

56. Defendant admits the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint. Defendant states that Rosa Kagan gave him the amount stated, but Defendant denies that the amount is an official debt in the conventional sense.

58. Defendant denies the allegations in paragraph 58 of the Complaint. Defendant states that Rosa Kagan gave him the amount stated, but Defendant denies that the amount is an official debt in the conventional sense.

59. Defendant denies the allegations in paragraph 59 of the Complaint. Defendant states that Rosa Kagan gave him the amount stated, but Defendant denies that the amount is an official debt in the conventional sense.

60. Defendant denies the allegations in paragraph 60 of the Complaint. Defendant states that Rosa Kagan gave him the amount stated, but Defendant denies that the amount is an official debt in the conventional sense.

61. Defendant denies the allegations in paragraph 61 of the Complaint. Defendant states that Leonid Bogatin gave him the amount stated, but Defendant denies that the amount is an official debt in the conventional sense.

62. Defendant denies the allegations in paragraph 62 of the Complaint in part. Defendant states that Leonid Bogatin gave him the amount stated, but Defendant denies that the amount an official debt in the conventional sense.

63. Defendant denies the allegations in paragraph 63 of the Complaint. Defendant states that Leonid Bogatin gave him the amount stated, but Defendant denies that the amount an official debt in the conventional sense.

64. Defendant denies the allegations in paragraph 64 of the Complaint.

65. Defendant denies the allegations in paragraph 65 of the Complaint.

66. Defendant denies the allegations in paragraph 66 of the Complaint.

67. Defendant admits the allegations in paragraph 67 of the Complaint.

68. Defendant admits the allegations in paragraph 68 of the Complaint.

69. Defendant asserts that the proof of claim speaks for itself, and Defendant denies all allegations not consistent therewith.

70. Defendant denies the allegations in paragraph 70 of the Complaint.

71. Defendant admits the allegations in paragraph 71 of the Complaint.

72. Defendant admits the allegations in paragraph 72 of the Complaint.

73. Defendant denies the allegations in paragraph 73 of the Complaint. Defendant id noy liable for this debt.

74. Defendant denies the allegations in paragraph 74 of the Complaint. Defendant id noy liable for this debt.

75. Defendant denies the allegations in paragraph 75 of the Complaint. Defendant id noy liable for this debt.

76. Defendant denies the allegations in paragraph 76 of the Complaint in part and admits in part. The Schedules have since been amended to accurately reflect this employment situation.

77. Defendant denies the allegations in paragraph 77 of the Complaint in part and admits in part. The Schedules have since been amended to accurately reflect this employment situation.

78. Defendant denies the allegations in paragraph 78 of the Complaint in part and admits in part. The Schedules have since been amended to accurately reflect this employment situation.

79. Defendant denies the allegations in paragraph 79 of the Complaint.

80. Defendant's testimony speaks for itself, and he testified to the best of his knowledge, information and belief at the time.

81. Defendant admits the allegations in paragraph 81 of the Complaint.

82. Defendant admits the allegations in paragraph 82 of the Complaint.

83. Defendant denies the allegations in paragraph 83 of the Complaint. Defendant has never been employed by BNG, VNJ, or Sterling.

84. Defendant denies the allegations in paragraph 84 of the Complaint.

85. Defendant's testimony speaks for itself, and he testified to the best of his knowledge, information and belief at the time.

86. Defendant denies the allegations in paragraph 86 of the Complaint.

87. Defendant admits the allegations in paragraph 87 of the Complaint. The Schedules have since been amended to reflect that Defendant's gross monthly income is $2,310 from Social Security.

88. Defendant admits the allegations in paragraph 88 of the Complaint. The Schedules have since been amended to reflect that Defendant's gross monthly income is $2,310 from Social Security.

89. Defendant denies the allegations in paragraph 89 of the Complaint.

90. Defendant's testimony speaks for itself, and he testified to the best of his knowledge, information and belief at the time.

91. Defendant admits the allegations in paragraph 91 of the Complaint.

92. Defendant admits the allegations in paragraph 92 of the Complaint. As the Defendant was not employed by Skin Logic, he did not view the payment of his expenses as compensation. The Schedules have since been amended to accurately reflect this employment situation.

93. Defendant admits the allegations in paragraph 93 of the Complaint. The Schedules have since been amended to reflect Defendant's monthly expenses total as $4,707.05.

94. Defendant denies the allegations in paragraph 94 of the Complaint.

95. Defendant denies the allegations in paragraph 95 of the Complaint in part and admits in part. Defendant clarifies that any payments made to his wife were also intended for his 6 grandchildren.

96. Defendant denies the allegations in paragraph 96 of the Complaint. Defendant admits that the transfers were made but denies any legal obligation to do so.

97. Defendant admits the allegations in paragraph 97 of the Complaint.

98. Defendant admits the allegations in paragraph 98 of the Complaint.

99. Defendant denies the allegations in paragraph 99 of the Complaint.

100. Defendant's testimony speaks for itself.

101. Defendant denies the allegations in paragraph 101 of the Complaint.

102. Defendant admits the allegations in paragraph 102 of the Complaint. Defendant has amended the Statement of Financial Affairs (SOFA). The updated SOFA now accurately reflects that no income is received from employment or operating a business. Instead, contributions received from Social Security, Ms. Gunkova, and Skin Logic have been appropriately detailed on Line 5.

103. Defendant admits the allegations in paragraph 103 of the Complaint.

104. Defendant denies the assertion in paragraph 104 of the Complaint.

105. Defendant denies the assertion in paragraph 105 of the Complaint.

106. Defendant denies the assertion in paragraph 106 of the Complaint.

107. Defendant denies the allegations in paragraph 107 of the Complaint.

108. Defendant denies the allegations in paragraph 108 of the Complaint.

109. Defendant admits the allegations in paragraph 109 of the Complaint.

110. Defendant's testimony speaks for itself.

111. Defendant admits the allegations in paragraph 111 of the Complaint.

112. Defendant admits the allegations in paragraph 112 of the Complaint. Defendant has amended the SOFA to include Legacy Aviation.

113. Defendant restates his response to each of the preceding paragraphs.

114. Defendant restates his response to each of the preceding paragraphs.

115. Defendant admits the allegations in paragraph 115 of the Complaint.

116. Defendant denies the assertion in paragraph 116 of the Complaint.

117. Defendant denies the assertion in paragraph 117 of the Complaint.

118. Paragraph 118 of the complaint asserts a legal conclusion to which no response is necessary.  To the extent a response is required, Defendant denies the allegations in paragraph 118 and demands strict proof thereof.

119. Defendant restates his response to each of the preceding paragraphs.

120. Defendant admits the allegations in paragraph 120 of the Complaint.

121. Defendant denies the allegations in paragraph 121 of the Complaint.

122. Defendant denies the allegations in paragraph 122 of the Complaint.

123. Defendant denies the allegations in paragraph 123 of the Complaint.

124. Defendant denies the allegations in paragraph 124 of the Complaint.

WHEREFORE, Debtor respectfully prays that the Complaint be dismissed, and for such other and further relief as this Court deems just and equitable.

Date:   September 8, 2023                             JACOB G. BOGATIN
                                                      By Counsel

                                                      /s/ Jeffery T. Martin, Jr.
                                                      Jeffery T. Martin, Jr., VSB #71860
                                                      Martin Law Group, P.C.
                                                      8065 Leesburg Pike, Suite 750
                                                      Vienna, VA 22182
                                                      703-223-1822
                                                      jeff@martinlawgroupva.com
                                                      Counsel to the Debtor

## **CERTIFICATE OF SERVICE**

      I certify that on this 19th day of December 2023, a true and correct copy of the foregoing was filed electronically with the Court through the ECF filing system with notice being automatically provided to all those entitle to receive the same.

      /s/ Jeffery T. Martin, Jr.
      **Jeffery T. Martin, Jr.**